Long-Bell Lumber Co. vs Thomas, et al.

Opinion delivered·June 3, 1897.

*Defective Pleading—How reached.*

If a complaint states a cause of action though defectively, objection must be·taken by motion before trial, and if not taken, it is waived, and all defects are cured by verdict. And in this case, *Held,* That a·statement that " the defendant seized took and carried away goods and chattels of the plaintiffs, etc.," sufficiently charges a taking of goods belonging to plaintiff to support a verdict.

*Verification of Pleadings—Waiver.*

After judgment, objection cannot be taken to the failure of plaintiff to verify his complaint. Objection must be taken by motion before trial.

*Verbal Contract—Evidence—Res Gesta.*

It is competent to establish a verbal contract by the testimony of parties who were present at the time, and their testimony as to what was said by the parties is not hearsay, but is a part of the res gesta.

*Evidence—Objection to Introduction Cannot be Made in Motion for New Trial.*

Evidence introduced without objection at the time cannot be objected to for the first time in the motion for a new trial.

Appeal from the United States Court for the Central trict.

Chas. B. Stuart, Judge.

Action by J. J. Thomas and D. Thomas against the g-Bell Lumber Company.· Judgment for plaintiff. Delant appeals. Affirmed.

On the 7th day of July, 1894, the appellees (plaintiffs below) filed their complaint at law against the appellant (defendant below) to recover the sum of $249.05, the value of a lot of lumber mentioned in said complaint, alleging that appellant on the 16th day of February, 1894, at the Second judicial division of the Indian Territory, seized, took, and carried away the lumber of the plaintiffs mentioned in the complaint; that the defendant, the Long-Bell Lumber Company, converted and disposed of the lumber to its own use, to the damage of said plaintiffs in the sum of $300. The complaint was not verified at the time it was filed, and never has been verified, so far as the record discloses. The appellant filed its answer to said complaint on the 11th day of September, 1894, denying the averments of the complaint as set out therein. The defendant below alleged that on the 16th day of February, 1894, it was the owner of and in the possession of the lumber mentioned in its said answer; that the plaintiffs below had full and complete knowledge of the ownership and possession of said lumber by this appellant. On the 4th day of February, 1895, the cause was tried at South McAlester by a jury, which rendered a verdict against the appellant and in favor of the appellees for the sum of $249.05. Motion for new trial was filed and overruled. Thereupon the court rendered judgment for the plaintiffs below, to which the defendant below excepted, and brings the case here for review.

*W. R. Cowley* for appellant.

1. The complaint in conversion must show that the time of taking and conversion, they were the owners of or in possession of the lumber seized, or if not in possession, was entitled to the immediate possession of the property. Sayer vs Robertson, 28 Pac. 456; 2 Estee Pl. & Pr. § 209; Boone on Code Pleading 637; Maxwell on Code Pleading 637; Chitty on Pleading 167; Bishop Non-Contract Law

396-408; Cruger vs Railroad Co., 12 N. Y. 190-201; Wilson vs Fuller, 8 Kan. 191; Hoisington vs Armstrong, 22 Kan. 110; Kennett vs Peters, 37 Pac. 1000; Kehr, et al, vs Hall, 20 N. E. 281; Rosenthal v. McMann, 29 Pac. 121.

2. The complaint in conversion must allege either that the property was wrongfully converted, or that the plaintiff was wrongfully deprived of its possession. McDonald vs Mangold, 1 Mo. App. 386. If the complaint fails to allege some material averment, it is error for the court to permit the introduction of testimony under the complaint. Wilhite vs Williams, 41 Kan. 291; Moody vs Arthur, 16 Kan. 24; Rush vs Newman, 7 C. C. A. 139; C. R. I. & P. Ry. Co. vs Woodworth, 1 Ind. Ter. 20, and cases cited.

*E. J. Fannin* for appellee.

1. The complaint alleges in express terms the seizure, taking and carrying away of the goods and chattles of the plaintiffs, by defendent, and converting them, etc. "Of the plaintiffs" is a sufficient allegation of title. Bliss on Code Pleading, §230; Dambmann vs White, 48 Cal. 439. The words "wrongfully seized" are not indispensable. Maxwell Code Pleading, 325. It is not necessary to allege or show that the taking was forcible. L. R. & E. S. R. Co. vs Cher 35 Ark. 360; Hardy vs Clendenning, 25 Ark. 437; Winingham vs Lafoy, 7 Cowen 736. The common law rule construing the pleading adversely to the pleader has been abrogated by the Code Practice. Rushey, et al, vs Reynolds, 31 Ark. 657.

2. If any defect exists as to the sufficiency of the complaint, it is cured by the verdict. Moody vs Arthur, 16 Kan. 419; Glaspie vs Keator, 56 Fed. 203, 211; Murray vs Meredith, 25 Ark. 164; G. C. & S. F. R. R. Co. vs Washington, 59 Fed. 347; Rush vs Newman 58 Fed. 158. If any

part of the complaint states a cause of action, the complaint is good. Weed vs U. S. 65 Fed. 399. If the whole pleading be defective, and shows no cause of action or defense, the defect cannot be reached by motion, but by general demurrer only. Benedict vs Drake, 6 How. Prac. Rts. 352; Wade vs Briggs, 24 Ark. 569.

3. The testimony of witnesses to the contract between appellee and McCool was admissible as declarations against interest. 1 Greenleaf on Ev. (14th Ed.) §147; Bartlett vs Patton, 5 L. R. A. 523.

SPRINGER, C. J. (after stating the facts.) There are but three errors assigned in this case which require consideration: First, that the court below erred in permitting the plaintiffs below (the appellees in this court) to introduce any testimony, on the ground that the complaint did not state a cause of action; second, in permitting the plaintiff to introduce evidence in support of the complaint, when the same had not been verified as required by law; third, in allowing the statements of E. McCool, deceased, to be proved by witnesses.

The first error assigned is based upon the contention of the appellant that the complaint did not state a cause of action. The complaint is as follows, omitting the formal parts, and description of the property: "That the said defendant, on the 16th day of February, 1894, at the Second judicial division of the Indian Territory, seized, took, and carried away the following goods and chattels (description of various kinds of lumber omitted) of the plaintiffs, of the value of $8.50 per thousand feet, and of the total value of $249.05, then and there being found, and converted and disposed of same to its own use, to the damage of said plaintiff in the sum of $300. □ Wherefore the plaintiff's pray judgment against the said defendant for the said sum of $300, the damages as aforesaid sustained, and for all other costs la

out and expended, and for all further and proper relief.'' The counsel for appellant contends that the complaint fails to state that the plaintiffs were the owners of or in the possession of the property mentioned therein, and that there is no allegation in the complaint that the defendant ''wrongfully'' seized said lumber, or that it wrongfully converted or disposed of the same to its own use. Section 5026 of Mansfield's Digest of the Laws of Arkansas points out what the complaint must contain. The third paragraph of that section is as follows: "A statement in ordinary and concise language, without repetition of the facts, constituting the plaintiff's cause of action.'' It must be conceded in this case that the appellees did not use any unnecessary verbiage; that the complaint was in concise language without repetition of the facts. Whether it was too concise to state a cause of action or not is the question presented to this court. Section 5028 of Mansfield's Digest points out such defects in the complaint as may be taken advantage of by demurrer. The fifth specification is: "That the complaint does not state facts sufficient to constitute a cause of action.'' Section 5031 of Mansfield's Digest provides that when any of the matters enumerated in the foregoing section do not appear upon the face of the complaint the objection may be taken by answer. If no such objection is taken by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject-matter of the action, and the objection that the complaint does not state facts sufficient to constitute a cause of action.'' The objection that the complaint does not state facts sufficient to constitute a cause of action may be taken advantage of for the first time in the Court of Appeals. Railway Co. vs Woodworth (decided by this court Feb. 15, 1896) 1 Ind. Ter. 20. As stated in that case, the plain and unmistakable meaning of this statutory provision is that the defendant cannot waive, by failure to demur or answer, the

*Complaint failing to state cause of of action. Objection.*

objection that the complaint does not state facts sufficient to constitute a cause of action.    The statute is based upon the well-recognized principle that where there is no cause of action stated in the complaint there can be no valid judgment.    Id.; Eliott, App. Proc. 398.    In the case of Railway Co. vs Woodworth, supra. decided by this court, the declaration entirely omitted an averment which was essential to the plaintiff's cause of action, and in that case this court held that such a defect could not be cured by a verdict.    In that case the distinction between defects arising from the absence of the essential averments and averments defectively pleaded was stated as follows:    "The complaint in the case at bar (Railway Co. v. Woodworth) does not present the case of essential averments inaccurately or defectively stated, but one where there is a total omission of a fact essential to the appellee's cause of action."    In the case at bar the complaint alleges that the property was the plaintiffs', and that the defendant "seized, took, and carried away" the same "and converted and disposed of same to its own use."    These are essential averments, inaccurately and defectively stated If the appellant had desired a more accurate statement of the facts, it could have moved the court to require the plaintiffs below to make their complaint more definite and certain as provided in section 5082 of Mansfield's Digest.    The essential averments in the complaint were that the property belonged to the plaintiffs, and that the defendant seized took, and carried away, and converted it to its own use. the appellant had deemed these averments to be inaccurate or defectively stated, it could have required the complaint to be amended, so that the defect which it points out could have been removed.

Defective
pleading.
How connect-
.ed.

Section 5083 of Mansfield's Digest is as follows : "The court must at every stage of any action, disregard any error or defect in the proceedings, which does not affect the right of the adverse party ; and no judgment shall be reversed

affected by reason of such error or defect." The appellant in this case is not prejudiced by the failure of the plaintiffs to allege that it wrongfully seized the lumber in question, nor are its substantial rights affected by the allegation that "the property was the plaintiffs'," instead of more specific allegations that the plaintiffs were the owners of and entitled to the possession of the property. That the appellant seized and converted the appellees' property to its own use is averred in the complaint. The averment is in ordinary and concise language, as required by the statute, and no substantial right of the appellant is affected by the failure to use more definite and certain language. The complaint in this case states the facts which are essential to the appellees' cause of action, and, if such averments are inaccurate and defective, as contended for by appellant's counsel, such inaccuracy or defect was cured by the verdict.

*Defective complaint. Cured by verdict.*

The second error assigned is to the effect that the complaint was not verified. Section 5086 of Mansfield's Digest is as follows : "Where complaints are filed without verification, as required by section 5055, the action shall not on that account be dismissed, if the verification be made on or before the calling of the action for trial." It seems that when the case was called for trial the appellant objected to the introduction of any evidence in support of the complaint, on the ground that it had not been verified. Thereupon the attorneys for appellees asked permission of the court to verify the complaint instanter, which permission the court granted. Appellant objected to the verification of the complaint on the ground that it ought to have been verified before going to trial. It seems that the trial proceeded to conclusion of the case, and the record does not disclose whether the complaint was thereafter verified or not. Section 5087 of Mansfield's Digest is as follows : "No objection shall be taken after judgment to any pleading for the manner of, or defect in the verification." Referring again to the

*Verification of complaint.*

section of the statute which provides that no judgment shall be reversed or affected by reason of an error or defect which does not affect the substantial rights of the adverse party, we are of opinion that the failure to verify the complaint did not prejudice appellant's rights, and is, therefore, not reversible error. The facts necessary to support appellees case before the jury were established by the evidence, and the verdict of the jury was in no way influenced by the failure to verify the complaint. After judgment, no objection can be taken on this account.

*Objection to want of verification.*

The third assignment of error was to the effect that the court erred in allowing the statements of E. McCool, deceased, to be proven by the witnesses Boyt and Matthews. Both parties to the case at bar claimed title to the lumber in controversy from McCool, who died before the suit was begun. Appellees claimed title under a verbal contract made with McCool in October, 1893, while appellant claimed title to the lumber under a written contract made with McCool in November, 1893. It was, therefore, necessary for appellees to establish the verbal contract with McCool by the statements of living witnesses in reference thereto, which testimony was competent. McCool died about three months after entering into the contract with appellees, and about a week before the lumber in controversy was taken by the appellant. Unless appellees could establish the contract with McCool, by witnesses who heard the contract entered into between appellees and McCool, they could not have maintained their action. To hold that verbal contracts affecting the rights of property could not be proven if one of the parties to the contract should die, would impair and destroy all commercial transactions not evidenced by written obligations. Whether appellees entered into a verbal contract with McCool or not was a question of fact, and the best evidence of such fact would be the statements made by the party

*Verbal contract. Evidence to establish.*

*Verbal contract—Testimony. Res Gesta.*

ies at the time the contract was made. Such statements are a part of the res gestæ, and are in no sense hearsay evidence.

There was a fourth assignment of error on the part of the appellant to the effect that the court erred in permitting certain tickets offered in evidence by the appellees to be read in evidence to the jury. The record discloses the fact thit no objection was made at the time these tickets were admitted in evidence. It is therefore too late to assign error upon their admission at this time, and it was also too late after the trial to take exceptions to the admission of this evidence in the motion for a new trial. Finding no reversible error in the record, the judgment of the court below is affirmed.

<div style="margin">Admission of evidence. Exception too late.</div>

KILGORE and CLAYTON, JJ., concur.